UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06323-RGK-KS | Date | October 3, 2023 |
|---|---|---|---|
| Title | *Peter Molina v. Ford Motor Company* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Parties' Responses to the Court's Order to Show Cause [DEs 60, 65]

On May 9, 2023, Peter Molina ("Plaintiff") filed a First Amended Complaint ("FAC") against Ford Motor Company ("Defendant"), asserting seven claims: (1)–(5) violations of various sections of California's Song-Beverly Act ("SBA," Cal. Civ. Code §§ 1790, *et seq.*); (6) violation of the federal Magnuson-Moss Warranty Act ("MMWA," 15 U.S.C. §§ 2300, *et seq.*); and (7) fraudulent inducement and concealment. (ECF No. 21.) Plaintiff's claims arise from his purchase of an allegedly defective vehicle manufactured by Defendant.

On August 18, 2023, Defendant filed a Motion to Dismiss, seeking the dismissal of each claim. (ECF No. 52.) On September 19, 2023, the Court granted the motion in part, dismissing the SBA and MMWA claims, but deferring its ruling on the fraud claim because it appeared that the Court lacked jurisdiction over the claim by itself. (ECF No. 59.) As the Court explained, prior to dismissal, there were two potential grounds for jurisdiction: federal question via the MMWA claim, and diversity jurisdiction because the parties are diverse and the collective amount in controversy from each of the claims allegedly exceeded $75,000. Upon dismissal of the MMWA claim and the SBA claims, jurisdiction was only possible through diversity, if and only if the remaining fraud claim put more than $75,000 in controversy by itself. However, Plaintiff's damages for fraud are capped by the amount he paid for the vehicle minus the actual value of the vehicle. *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1240–41 (1995) (explaining that a plaintiff recovers out-of-pocket damages for fraud related to the purchase of property) (citing Cal. Civ. Code § 3343(a)). In this case, Plaintiff could recover at most $44,506.08—the full contract price—but only under the best, rather unlikely assumptions that (1) Plaintiff had already paid the full price, and (2) the vehicle is worth $0. But even under those assumptions, the claim would fail to meet the $75,000 required for diversity jurisdiction. Accordingly, the Court issued an Order to Show Cause, ordering the Parties to brief whether the amount in controversy was satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06323-RGK-KS | Date | October 3, 2023 |
|---|---|---|---|
| Title | *Peter Molina v. Ford Motor Company* | | |

The Parties responded. (ECF Nos. 60, 65.) Plaintiff argues that the amount in controversy is met because the full $44,506.08 contract price when combined with punitive damages exceeds the $75,000 threshold. The Court disagrees. Plaintiff's argument is flawed in two ways.

First, Plaintiff offers no support for his assertion that he is entitled to the full $44,506.88 contract price. Again, the full price would only be available if Plaintiff paid the full price and the vehicle is worth nothing. Neither of these facts are alleged in the FAC. Nor does Plaintiff suggest that these facts are true and were simply omitted from the FAC. And unsupported, conclusory allegations are not considered when calculating the amount in controversy. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient.").

Second, Plaintiff offers no support for his request for punitive damages. The FAC is devoid of any factual allegations tending to show willfulness required to receive punitive damages. On this basis, punitive damages are too speculative to include in the amount in controversy. Thus, the amount in controversy is not satisfied and the Court lacks diversity jurisdiction.

Nonetheless, Defendant argues that the Court should exercise supplemental jurisdiction over the remaining fraud claim in order to address Defendant's remaining arguments for dismissal. When a court has dismissed all claims that give rise to jurisdiction, it may decline to exercise supplemental jurisdiction over any remaining claims. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1143 n.7 (9th Cir. 2003) (citing 28 U.S.C. § 1367(c)(3)). At this early stage, the exercise of supplemental jurisdiction is unnecessary. While refiling and relitigating some of these issues in state court would be somewhat duplicative and inconvenient, the convenience of the parties does not justify this Court stepping in to resolve matters of state law over which it otherwise lacks jurisdiction. Accordingly, the Court declines to exercise jurisdiction over the remainder of this action.

For the foregoing reasons, the Court **DISMISSES** Plaintiff's remaining claim for fraudulent inducement and concealment **without prejudice to refile in the appropriate court.**[1]

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |

---

[1] Plaintiff filed a Motion to Stay alongside his response to the Court's Order to Show Cause. (ECF No. 66.) Because the Court lacks jurisdiction over this action, the Court **DENIES** the Motion to Stay [66] **as moot.**